## UNITED STATES DISTRICT COURT

for

### EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

U.S.A. vs. Mark S. Boutan     Docket No. 5:11-CR-169-1FL

**Second Amended Petition for Action on Supervised Release**

COMES NOW Julie Wise Rosa, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Mark S. Boutan, who, upon an earlier plea of guilty to Failure to Register as a Sex Offender, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on July 18, 2012, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for Life under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

3. The defendant shall participate in a program of mental health/sex offender treatment, evaluation testing, clinical polygraphs and other assessment instruments as directed by the probation officer. While under supervision in the Eastern District of North Carolina, the defendant shall further abide by the rules and regulations of the NCE Sex Offender Program.

4. The defendant shall comply with the registration requirements of the Sex Offender Registration and Notification Act of 2006, as directed by the Bureau of Prisons and the probation officer.

5. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

6. The defendant shall submit to a search of person, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant. The search may be conducted by any law enforcement officer or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

7. The defendant shall pay a special assessment in the amount of $100.00 as directed.

On December 18, 2013, the defendant's supervision was modified to include the following additional special conditions:

1. The defendant must not use, possess, procure, or otherwise obtain any electronic device that can be linked to any computer networks, bulletin boards, internet service providers, or exchange formats involving computers, except for employment purposes as approved, in advance, by the Probation Office.

2. The defendant must submit to unannounced examination of his/her computer or electronic equipment by the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, which may include retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, the defendant must consent to the removal of such equipment for the purpose of conducting a more thorough investigation and must allow, at the discretion of the probation officer, installation on the defendant's computer any hardware or software system to monitor his/her computer use.

3. The defendant shall have no contact with any child under the age of 18 without the presence of an adult who is aware of the defendant's criminal history and is approved, in advance, by the probation officer.

4. The defendant shall not loiter in areas where children congregate. These areas include, but are not limited to schools, daycare centers, playgrounds, arcades, amusement parks, recreation parks and youth sporting events.

5. The defendant shall not be employed in any occupation, business, or profession or participate in any volunteer activity where there is access to children under the age of 18, unless authorized, in advance, by the probation officer.

6. The defendant shall not possess any material, including videos, magazines, photographs, computer-generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, unless first deemed appropriate by his sex offender treatment counselor and approved, in advance, by the Probation Office. The defendant shall not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs.

7. The defendant shall alarm the door of any bedroom of a minor that resides at the same residence.

During the initial office visit on December 19, 2013, Boutan tested positive for the use of marijuana and admitted he had been consuming this substance while at the halfway house, prior to his release. On December 23, 2013, in light of his drug use, the defendant's supervision was modified to include the following additional special conditions:

1. The defendant shall participate in a program of substance abuse testing (up to 72 drug tests per year) as directed and approved by the Probation Office. The defendant shall contribute to the costs of such testing based on ability to pay as determined by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Mark S. Boutan was released from custody on December 17, 2013, at which time the term of supervised release commenced. Based upon the defendant's family ties in the District of Rhode Island, the probation office for that district accepted courtesy supervision. Additional correspondence with this district revealed the following violations: 1) Paying $20 for sex from an unknown female; 2) Having unsupervised contact (nonsexual) with his son on multiple occasions; 3) Rough housing with his neighbor's son (contact with a minor that has not been approved); 4) Traveling out of state to Westhill Dam, Massachusetts, without permission; 5) Viewing adult pornography via a telephone, cable, and Xbox; 6) Possessing a smartphone with access to the internet; 7) Driving on a suspended license; and 8) Purchasing prescription drugs and marijuana from a neighbor. Based upon these violations, the District of Rhode Island wishes to place Boutan in Home Detention for 90 days and seek jurisdiction in this case. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. That the defendant shall spend 90 days of supervised release on Home Detention with Radio Frequency Monitoring. The defendant is restricted to his residence at all times except for medical necessities, court appearances, substance abuse/mental health treatment, employment, education, religious services, attorney visits, or other activities approved in advance by the U.S. Probation Office.

**Mark S. Boutan**
**Docket No. 5:11-CR-169-1FL**
**Petition For Action**
**Page 4**

Except as herein modified, the judgment shall remain in full force and effect.

| | |
|---|---|
| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/Michael C. Brittain<br>Michael C. Brittain<br>Senior U.S. Probation Officer | /s/Julie Wise Rosa<br>Julie Wise Rosa<br>U.S. Probation Officer<br>310 New Bern Avenue, Room 610<br>Raleigh, NC 27601-1441<br>Phone: (919) 861-8660<br>Executed On: October 3, 2014 |

**Mark S. Boutan**
**Docket No. 5:11-CR-169-1FL**
**Petition For Action**
**Page 5**

## ORDER OF COURT

Considered and ordered this  6th   day of   October        , 20 14, and ordered filed and made a part of the records in the above case.

*/s/ Louise W. Flanagan*
Louise W. Flanagan
U.S. District Judge